UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN HINES, | ) | Case No.: 1:09 CV 2528 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Petitioner Stephen Hines's ("Petitioner"), Petition for a Writ of Habeas Corpus Pursuant to § 2254 ("Petition") (ECF No. 1.) For the following reasons, the court denies the Petition.

## I. FACTS AND PROCEDURAL HISTORY

On August 7, 2003, Petitioner was convicted of Drug Trafficking, in violation of O.R.C. § 2925.03, with a schoolyard specification, Possession of Drugs, in violation of O.R.C. §2925.11, and Possession of Criminal Tools, in violation of O.R.C. §2923.24, and sentenced to a ten-year aggregate sentence for these crimes. (ECF No. 5, Ex. 1, 14.) On October 27, 2009, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. §2254. (ECF No. 1.) This court referred the case to Magistrate Judge George J. Limbert ("Judge Limbert") for preparation of a report and recommendation. On February 25, 2010, Respondent Warden Margaret Bradshaw ("Respondent"), filed her Return of Writ. (ECF No. 5.) On January 7, 2011, Judge Limbert submitted his Report and Recommendation. (ECF No. 20.) Petitioner filed his Objections to the Report and Recommendation (ECF No. 24) on April 20, 2011, two days past the extended deadline to file the objections. (ECF

No. 23.)

The facts are as follows. Petitioner was found guilty of all counts charged within the indictment. (ECF No. 20.)

Petitioner raises seven grounds for habeas relief:

**GROUND ONE:** PETITIONER WAS DENIED A FUNDAMENTALLY FAIR TRIAL AND DUE PROCESS OF LAW IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Supporting Facts: Petitioner was not afforded a full and fair opportunity to litigate his Fourth Amendment claims, thus requiring an evidentiary hearing, where the state court's adjudication that he lacked standing to move for the suppression of evidence when he was seized at the time of the execution of a warrant together with his vehicle and where he had sufficient connection with the seized premises.

**GROUND TWO:** PETITIONER WAS DENIED A FUNDAMENTALLY FAIR TRIAL AND DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Supporting Facts: 1. the State specified to facts in an unsworn method under the guise of questioning its chief witness;

2. the trial court refused to declare a mistrial where improper questions are asked by counsel for co-defendant of a police officer;

3. during closing arguments, the State vouched for the credibility of its chief witness in a manner that in effect stated that Petitioner was guilty; and

4. there was insufficient evidence to sustain a conviction and proof against Petitioner is based on perjured testimony.

**GROUND THREE:** PETITIONER WAS DENIED RIGHT TO SPEEDY [SIC] IN VIOLATION OF THE SIXTH AMENDMENT TO THE

UNITED STATES CONSTITUTION.

Supporting Facts: Petitioner was denied the right to speedy trial where the state's adjudication permitted tolling for extending the time as a result of a necessary pretrial motion.

**GROUND FOUR:** PETITIONER WAS DENIED HIS RIGHT OF CONFRONTATION AND CROSS-EXAMINATION IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Supporting Facts: Petitioner was denied his constitutional right of confrontation and cross-examination where legitimate cross-examination had been attempted but curtailed by the court.

**GROUND FIVE:** PETITIONER WAS DENIED HIS RIGHT OF CONFRONTATION AND CROSS-EXAMINATION IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Supporting Facts: Petitioner was denied his constitutional right of confrontation and cross-examination where legitimate cross-examination had been attempted but curtailed by the court.

**GROUND SIX:** PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.[1]

Supporting Facts: Petitioner was denied received [sic] ineffective assistance of counsel during trial and on appeal and raises three sub-claims of ineffective assistance of trial counsel which he claims should have been raised upon appeal: (1) trial counsel failed to conduct discovery prior to trial; (2) trial counsel failed to object to the testimony of Detective Mendolera with regard to cellphone records; and (3) trial counsel failed to request an independent analysis and weighing of the drugs seized by the police.

---

[1] The court notes that Petitioner raises identical claims in Grounds Four and Five. (ECF No. 1.)

**GROUND SEVEN:** PETITIONER WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Supporting Facts: Petitioner was denied due process of law when the state post-conviction court made a credibility determination of the State's chief witness when that court was not the same court that tried the case. In his post-conviction petition, Petitioner argued that his conviction was based entirely upon the State's chief witness, Mason, falsely implicating him in the drug activity. The state knew Mason was lying when it put him on the stand. The petition alleged that Petitioner was denied his constitutional rights in that: (1) Mason was permitted to testify falsely; (2) the state led Mason to give false testimony; and (3) the trial court erred in permitting Mason's testimony. In support of these claims, Petitioner filed an affidavit from Mason with his petition, in which Mason completely recanted his statements to the police and his testimony at trial. Mason's affidavit states that the police coerced his false testimony with threats against him and his sister. Mason's affidavit further states that the police and the prosecutor knew he was lying and that both the police and the prosecutor knowingly coached him in his false testimony.

## II. LEGAL ANALYSIS

Judge Limbert recommended that Petitioner's Writ be dismissed without further proceedings. (ECF No. 20.) Judge Limbert determined that Petitioner's Ground Six is procedurally defaulted, and that the appellate court's determination in regard to Grounds One, Two, Three, Four, Five, and Seven are not contrary to, or an unreasonable application of, clearly established Federal law. (*Id*.) After a *de novo* review of the Report and Recommendation, the Petitioner's Objections, and all other relevant documents, the court adopts all of Judge Limbert's recommendations. Notwithstanding this adoption, the court will briefly address the legal analysis raised in Petitioner's Objections. In his Objections to the Report and Recommendation, Petitioner raises two arguments regarding why his

Petition should not be dismissed . (ECF No. 14.) Petitioner argues that: (1) the state court of appeals decision was not based upon a final appealable order and that his original sentence was void ab initio; and (2) that the prosecutor committed a *Brady* violation by allowing a witness to perjure himself at Petitioner's trial. In his Objections, Petitioner does not connect these arguments to any of the seven grounds he raised in his Petition. Although his second objection is similar to Ground Seven, this objection raises a separate constitutional violation based on prosecutorial misconduct that occurred at trial, not at the state post-conviction proceeding. (*See* ECF No. 1, Ground Seven ("Petitioner was denied due process of law when the state post-conviction court made a credibility determination of the State's chief witness when that court was not the same court that tried the case.") ) Because these objections raise new arguments that have never been presented to the state courts, Petitioner has not exhausted his available state remedies for these arguments. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (A habeas petitioner satisfies exhaustion if he gives "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is presented in federal court.") These new arguments, raised in Petitioner's Objection, are barred and thus the court will not consider them on review.

### III. CONCLUSION

Accordingly, the court adopts Judge Limbert's Report and Recommendation, finding it to be well-taken in all respects. (ECF No. 20.) Petitioner's Writ is denied, and final judgment is entered in favor of the Respondent. The court further certifies that, pursuant to 28 U.S.C.

§1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

     IT IS SO ORDERED.

                                            /s/*SOLOMON OLIVER, JR.*
                                            CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

May 31, 2011